UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE EDWARD SCOTT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-03636 (UNA) |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case without prejudice for the reasons stated herein.

Plaintiff, a resident of Tempe, Arizona, sues the Internal Revenue Service ("IRS"). *See* Compl. at 1–2. The complaint is spare, at best, citing broadly to the constitution and to Federal Rule 56, without explanation. *See id*. at 3. He asks that this court grant him an "100% tax exemption," so that he can "gain control of [his] legal property." *See id.* at 4. No other information, details, or context is provided.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, plaintiff's broad and vague allegations have failed to provide defendant or the court with notice of a cognizable claim, and courts have "unhesitatingly dismissed actions where the complaint" fails to comply with Federal Rule 8, including those that are characterized as "confusing, ambiguous, redundant, vague and, in some respects, unintelligible." *See id.* at 499 (collecting cases) (citation omitted). Plaintiff's complaint falls squarely within this category.

Second, this court is without jurisdiction to direct the IRS to take specific actions on his behalf. *See* Fed. R. Civ. P. 12(h)(3). "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015). Put differently, "[u]nder Section 706(1) of the APA [Administrative Procedure Act], a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.'" *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)). Here, plaintiff has not alleged that the IRS has improperly delayed any administrative review, nor has he established that it is statutorily required to take any action at this time. Indeed, a "final agency action" is necessary prior to any substantive judicial agency review, and there is no indication that plaintiff has received, *or even sought*, a final decision from the IRS on the matter at issue. *See* 5 U.S.C. § 704; *McCoy v. Cardamone*, 646 F. Supp. 1143, 1144–45 (D.D.C. 1986).

For these reasons, the court dismisses the complaint, and this matter, without prejudice.

An order accompanies this memorandum opinion.

Date: February 14, 2025

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge